IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

TORACE D. WEAVER,

    Petitioner,

v.

TIM SHOOP, Warden,

    Respondent.

Case No. 3:18-cv-393

JUDGE WALTER H. RICE

---

DECISION AND ENTRY ADOPTING UNITED STATES MAGISTRATE JUDGE'S REPORT AND RECOMMENDATIONS (DOC. #2); OVERRULING PETITIONER'S OBJECTIONS THERETO (DOC. #7); DISMISSING PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF HABEAS CORPUS (DOC. #1) WITH PREJUDICE; JUDGMENT TO ENTER IN FAVOR OF RESPONDENT AND AGAINST PETITIONER; DENYING CERTIFICATE OF APPEALABILITY AND LEAVE TO PROCEED *IN FORMA PAUPERIS*; TERMINATION ENTRY

---

Based on the reasoning and citations of authority set forth by United States Magistrate Judge Michael R. Merz in his Report and Recommendations, Doc. #2, as well as upon a thorough *de novo* review of this Court's file and the applicable law, the Court ADOPTS said judicial filing in its entirety, and DISMISSES WITH PREJUDICE the Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus, Doc. #1.

Petitioner's Objections, Doc. #7, are OVERRULED. With respect to Ground One, Actual Innocence, Petitioner essentially argues that the prosecution failed to prove his guilt beyond a reasonable doubt. Magistrate Judge Merz correctly noted,

however, that a claim of actual innocence is not recognized as a basis for habeas relief. *Herrera v. Collins*, 506 U.S. 390 (1993). Petitioner does not address this.

Magistrate Judge Merz liberally construed Ground Two as a Sufficiency of the Evidence claim. He concluded that the Second District Court of Appeals' opinion was neither contrary to nor an objectively unreasonable application of clearly established United States Supreme Court precedent. In his Objections, Petitioner argues for the first time that, under *Brady v. Maryland*, 373 U.S. 83, 87 (1963), the prosecution was required to disclose exculpatory evidence that S.T. was physically abused by his three-year-old brother and by his foster parents in a previous foster placement. Not only does this claim appear to be procedurally defaulted, but Petitioner fails to explain how such evidence would exculpate him with respect to his convictions for murder and child endangering.

With respect to Ground Three, the prosecutorial misconduct claim, Magistrate Judge Merz correctly found that the Second District's decision on this claim was not an objectively unreasonable application of Supreme Court precedent. Petitioner explains no basis for his Objection to this finding. He argues only that prosecutorial discretion is not unlimited.

With respect to Ground Four, the ineffective-assistance-of-trial-counsel claim, Magistrate Judge Merz found that the Second District's opinion was not an objectively unreasonable application of *Strickland v. Washington*, 466 U.S. 668 (1984). In his Objections, Petitioner argues that "reasonable minds would agree that counsel's deficient performance prejudiced Petitioner." Doc. #7, PageID#46.

2

Nevertheless, he fails to explain how the Second District's opinion is an objectively unreasonable application of *Strickland.*

Given that Petitioner has not made a substantial showing of the denial of a constitutional right and, further, that the Court's decision herein would not be debatable among reasonable jurists, and because any appeal from this Court's decision would be objectively frivolous, Petitioner is denied a certificate of appealability, and is denied leave to appeal *in forma pauperis*.

Judgment will be entered in favor of Respondent and against Petitioner.

The captioned case is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

Date: March 3, 2019

WALTER H. RICE
UNITED STATES DISTRICT JUDGE