# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

TORACE D. WEAVER,

        Petitioner,        :        Case No. 3:18-cv-393

  - vs -                          District Judge Walter H. Rice
                                      Magistrate Judge Michael R. Merz

TIM SHOOP, Warden,
  Chillicothe Correctional Institution

                                    :

        Respondent.

# REPORT AND RECOMMENDATIONS ON MOTION TO AMEND THE JUDGMENT

This habeas corpus case is before the Court on Petitioner's Motion to Amend the Judgment[1], filed pursuant to Fed.R.Civ.P. 59(e)(ECF No. 12). Judgment was entered in this case on March 5, 2019, so the Motion is timely. However, Petitioner does not meet the requirements for amending the judgment.

> Motions to alter or amend judgment may be granted if there is a clear error of law, see *Sault Ste. Marie Tribe*, 146 F.3d at 374, newly discovered evidence, *see id.*, an intervening change in controlling law, *Collison v. International Chem. Workers Union, Local 217*, 34 F.3d 233, 236 (4th Cir. 1994); *Hayes v. Douglas Dynamics, Inc.*, 8 F.3d 88, 90-91 n.3 (1st Cir. 1993); *School District No. 1J v. ACANDS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993), or to prevent manifest injustice. *Davis*, 912 F.2d at 133; *Collison*, 34 F.3d at 236; *Hayes*, 8 F.3d at 90-91 n.3. *See also North River Ins. Co. v. Cigna Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995).

---

[1] The Motion is captioned "Supplement to Motion to Alter or Amend Judgment," but no prior motion to amend has been filed.

1

*Gencorp, Inc. v. American Int'l Underwriters,* 178 F.3d 804, 834 (6th Cir. 1999), accord, *Nolfi v. Ohio Ky. Oil Corp.*, 675 F.3d 538, 551-52 (6th Cir. 2011), quoting *Leisure Caviar, LLC v. United States Fish & Wildlife Serv.*, 616 F.3d 612, 615 (6th Cir. 2010). A motion under Fed. R. Civ. P. 59(e) is not an opportunity to reargue a case. *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998)(citation omitted).

This case concerns Weaver's convictions for murder, endangering children, and obstruction of official business. The facts as recited here are from the findings of the Second District Court of Appeals decision on direct appeal, reported at *State v. Weaver*, 2018-Ohio-2329 (2nd Dist. June 15, 2018), and extensively quoted in the Report and Recommendations (ECF No. 2). As a habeas petitioner, Weaver bears the burden of rebutting those factual findings by clear and convincing evidence.

The victim, a two-year-old child referred to by the Second District as "S.T.," had been placed as a foster child with Weaver and his wife about two months before his death on November 18, 2015. Weaver and S.T. were alone at the King of Glory Church on that date when the incident occurred which caused S.T.'s death. S.T. was lying unconscious on the floor when emergency medical personnel arrived and was neve restored to consciousness. Weaver first explained that S.T. had fallen from a table, then claimed he was swinging S.T. in a circle, but lost his balance, causing S.T. to strike a wall.

Against this explanation of an accidental injury, the State called a forensic pathologist who identified "no fewer than 20 traumas to the front and back of his head, some of which could have been produced by the impact of knuckles." *Weaver, supra,* at ¶ 30. Several other witnesses testified to S.T.'s good physical condition prior to being placed with the Weavers. *Id.* at ¶¶ 31-33.

On appeal, Weaver had asserted that because there was no direct evidence of what happened, he could not constitutionally have been found guilty beyond a reasonable doubt.

As the Report and Recommendations noted, when a petitioner challenges a conviction for lack of sufficient evidence, the federal courts must defer first to the jury's finding and then to the court of appeals finding that the evidence was sufficient. (ECF No. 2, citing *Coleman v. Johnson*, 566 U.S. 650, 651, (2012)(per curiam); *Parker v. Matthews*, 567 U.S. 37, 43 (2012) (per curiam); and *Brown v. Konteh*, 567 F.3d 191, 205 (6th Cir. 2009)). In dismissing the Petition, District Judge Rice followed the Report's recommendation based on this law.

In his Motion, Weave does not show any error of fact or law in Judge's Rice decision. He makes no specific claim of legal error and argues on the facts. He asserts that "[r]easonable jurists would not agree that swinging a child in a circle is any degree of a felony . . ." (ECF No. 12, PageID 55). But he assumes that this Court must accept his version of the facts. The jury heard the child suffered at least twenty traumas to the head, "some of which could have been produced by the impact of knuckles." An adult male would not produce knuckle traumas to the head of a two-year-old by swinging him in a circle. The jury was entitled to find that the injuries to S.T. were much more malicious than accidental.

Because Weaver has shown no error of law or fact in the judgment, his Motion should be denied.

March 15, 2019.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by mail. .Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party=s objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).